IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES SCOTT DALY, Inmate #25605-198, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   CIVIL NO. 05-276-DRH ) |
| HARLEY LAPPIN, RANDY J. DAVIS, PATRICK PATTERSON, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

*Outstanding Motions*

Currently pending before the Court is Plaintiff's motion for temporary restraining order or in the alternative, a preliminary injunction to prevent defendants from removing Plaintiff from a kosher diet (Doc. 6). A temporary restraining order (TRO), is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the

> efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Moreover, federal courts must exercise equitable restraint in when asked to take over the administration of a prison, something that is best left to correctional officials and their staff.

**IT IS THEREFORE ORDERED** that the request for issuance of a temporary restraining order (Doc. 6) is **DENIED**.

In the alternative, Plaintiff seeks a preliminary injunction to prevent defendants from removing him from a kosher diet.

> In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.

*Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999). In this case, Plaintiff has not made a showing that there is a reasonable or substantial likelihood that he would succeed on the merits; he has an adequate remedy at law; and he has not shown how he will suffer irreparable harm.

**IT IS THEREFORE ORDERED** that the request for issuance of a temporary restraining order (Doc. 6) is **DENIED**.

Also pending before the Court is Plaintiff's motion to dispense with the requirement of security pursuant to Fed. R. Civ. P. 65(c).  Plaintiff's motions for injunctive relief have been denied and no security is required.  Accordingly, this motion (Doc. 8) is **DENIED** as moot.

### *Threshold Review*

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims.  *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

### *Factual Allegations*

Plaintiff states that on February 20, 2004, Defendant Patterson removed him from the kosher diet program at Marion because he had purchased non-kosher ice cream from the commissary. Plaintiff states that several days passed before he was given reasons for his removal from the diet. Although he was placed back on the diet a few days later, Plaintiff states that for the time he was removed from the diet, he was forced to either go without eating or purchase kosher foods from the

commissary. Plaintiff claims that this time away from the diet violated his First Amendment right to practice his religion and his due process rights.

Plaintiff states that on March 5, 2005, Officer Wayne Boaz (not a defendnat) claimed that Plaintiff received a non-kosher tray from another prisoner. As a result, Defendant Patterson removed Plaintiff from the kosher diet on March 7, 2005. Plaintiff states that he was not given a reason for his removal from the diet, was not given an incident report for the "rule infraction," and was not allowed to defend himself. Plaintiff states that he was off the diet for 30 days and was forced to go without eating at all or purchase kosher foods from the commissary. Plaintiff claims that the 30-day period he was removed from the kosher diet violated his constitutional rights to freely practice his religion and due process. Plaintiff states that he spoke to Defendant Warden Davis on more than one occasion about his religious needs.

### *Religious Diet*

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). Accordingly, the Court is unable to dismiss Plaintiff's First Amendment claims regarding interference with his religious diet.

### *Due Process*

At one time, prison regulations by their mandatory language could implicate due process

protection. However, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court shifted the focus in the creation of a liberty interest from mandatory language to the nature of the interest involved. The Court stated, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Thus, in order to state a due process claim, Plaintiff must indicate a liberty interest relating to freedom from restraint of which he was deprived. Short-term limitations on religious practice have found not to present an atypical and significant hardship triggering due process protection. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Thus, Plaintiff's claims regarding his kosher diet do not state a liberty interest. Without a liberty interest, Plaintiff was not entitled to due process. As such, he has failed to state a claim of constitutional dimension. Accordingly, the claim is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

### *Defendants*

A word about defendants is in order. Plaintiff lists Harley Lappin, Director of the Bureau of Prisons, in the caption of his complaint. However, the statement of claim does not include any specific allegations against him. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Furthermore, "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant

must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Accordingly, Harley Lappin is **DISMISSED** as a defendant from the action.

### *Summary and Conclusion*

Plaintiff is allowed to proceed on his First Amendment claim against defendants Davis and Patterson.

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **RANDY J. DAVIS, PATRICK PATTERSON**, the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS** and **the ATTORNEY GENERAL of the UNITED STATES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **4** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants *Randy J. Davis and Patrick Patterson*. The Clerk shall also prepare a summons for the United States Attorney for the Southern District of Illinois and the Attorney General of the United States. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *Randy J. Davis and Patrick Patterson* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, and on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. The Marshal shall also serve a copy of the Complaint, Summons, and this Order upon the United States Attorney for the Southern District of Illinois and upon the Attorney General of the United States at Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Bureau of Prisons pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: February 14, 2006**

                                                /s/   David   RHerndon
                                              **DISTRICT JUDGE**