IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES SCOTT DALY,

     Plaintiff,

     v.

RANDY J. DAVIS, et al.,

     Defendants.                No. 3:05-cv-276-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief District Judge:**

## I.  INTRODUCTION

Now before the Court is Defendants' motion for Summary Judgment[1] (Doc. 50) and Plaintiff's motion for partial summary judgment (Doc. 51). Plaintiff claims that prison officials violated his right to freely exercise his religion as protected by the First Amendment and the Religious Freedom Restoration Act ("RFRA") by removing him on several occasions from a prison's religious diet program. Based on the following, the Court grants Defendants' motion for summary judgment and denies Plaintiff's motion for partial summary judgment.

## II.  FACTUAL BACKGROUND

Defendant Randy J. Davis ("Davis"), a twenty year employee of the Bureau of Prisons, was the warden at US Penitentiary - Marion ("USP-Marion") from February

---

[1] Defendants titled their motion as a motion to dismiss, or in the alternative, motion for summary judgment. Because matters outside the pleadings were presented in the motion and relied on by the Court, the motion is treated as one for summary judgment. See Fed. R. Civ. P. 12(d).

2, 2004 to November 30, 2005. At the time Daly filed this lawsuit, Defendant Patrick Patterson (Patterson") was the supervisory chaplain at USP-Marion and had served as a chaplain at there since 1988. As Supervisory Chaplain, Patterson was responsible for the day to day operations of the religious diet program ("RDP") at Marion.

Daly alleges that while an inmate at USP-Marion, he applied for enrollment in the RDP in order to receive Kosher meals in accordance with his religious beliefs. At the time of his application, Daly asserts that he had practiced Judaism for the previous eight years. The RDP provides inmates with subsidized meals meeting the dietary requirements of their religions; in Daly's case, a Kosher diet. These meals cost the prison 90% more ($2.31 more per inmate per day) than non-RDP meals.

In order to enroll, inmates must agree to the terms and conditions of the program. The RDP requires that inmates only purchase or consume religiously certified foods (e.g. Kosher). Inmates may not eat, purchase or possess uncertified food. Daly agreed to the terms of the RDP on September 15, 2002, and was enrolled in the program. RDP enrollees who violate the conditions of the program may be removed for up to thirty days in order to evaluate the suitability of the program to the inmate. The removal provisions of the RDP are intended to be evaluative rather than punitive. Davis states that strict adherence to the RDP may prevent tensions from rising between sincere and insincere inmates and that this is "extremely important at higher security facilities, where inmates are more prone to violence." (Doc. 48-11 at 3).

Daly was removed from the RDP on three occasions for eating, purchasing, or possessing non-Kosher food items in violation of the terms of his

enrollment. On February 19, 2004, he was removed for purchasing non-Kosher ice cream. Daly objected, informally, to his removal stating that there was confusion in the way the ice-cream was labeled. Defendant Patterson addressed the confusion and reinstated Daly in the RDP on February 20, 2004.

On March 5, 2005, Daly traded his Kosher tray for a "regular hot tray" (a non-Kosher food tray). On May 29, 2005, Daly was observed eating non-Kosher "nacho cheese tortilla chips" in violation of the RDP. Daly was removed from the program for thirty days on March 7, 2005 and June 3, 2005 respectively. He did not file any grievances with respect to these removals.

Daly filed his original complaint with this Court on April 18, 2005, alleging violations of his rights under the First and Fifth Amendments arising from his removals from the RDP on February 20, 2004, and March 7, 2005 (Doc. 1). He later amended his complaint to include the removal on June 3, 2005 (Doc. 17). Daly's due process claims were dismissed with prejudice by this Court on February 27, 2006, allowing him to proceed only on his First Amendment claims (Doc. 18).

Davis and Patterson filed their motion for summary judgment on March 30, 2007, alleging, among other things, that the RDP provisions at issue do not violate Daly's rights under the First Amendment (Doc. 48) Daly responded, stating that his sincerity is a fact in dispute and that summary judgment is, therefore, not appropriate (Doc. 51). Davis and Patterson replied stating that Daly's sincerity is not an issue relevant to the motion for summary judgment (Doc. 58).

Following the defendant's summary judgment motion, Daly also filed his

own motion for partial summary judgment (Doc. 51). Daly argues that summary judgment should be entered in his favor due to the fact that his removal from the RDP caused him to violate his religious beliefs and eat non-Kosher food, thereby violating his First Amendment right to freely exercise his religion.

As these two motions for summary judgment are not factually distinct, the Court will handle them together without separate sections for legal analysis.

### III.  <u>LEGAL STANDARD</u>

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED.R.CIV.P. 56(c)**; ***Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)**. The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. ***Wollin v. Gondert*, 192 F.3d 616, 621-22 (7th Cir. 1999)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. ***Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999)**.

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations as stated in the pleadings. Rather, the nonmovant must show through specific evidence that an issue of fact remains on matters for which the

nonmovant bears the burden of proof at trial. **Walker v. Shansky, 28 F.3d 666, 670-71 (7th Cir. 1994), aff'd, 51 F.3d 276 (citing Celotex, 477 U.S. at 324)**.

## IV.  ANALYSIS

Both motions for summary judgment agree that the claim at issue is whether Daly's removal from the RDP violated his First Amendment right to free exercise of religion; it was the only claim that survived the Court's February 27, 2006 Memorandum and Order (Doc. 18).

"The Free Exercise Clause prohibits the government from plac[ing] a substantial burden on the observation of a central religious belief or practice without first demonstrating that a compelling governmental interest justifies the burden." **St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 631 (7th Cir. 2007) (citing Hernandez v. C.I.R., 490 U.S. 680, 699 (1989))** (internal citations omitted).  It reads, in relevant part, "Congress shall make no law . . . prohibiting the free exercise [of religion]." **U.S. Const. Amend. I**.  Further in **St. John's United Church of Christ**, the Seventh Circuit reiterated the applicable legal standard:

> In *Employment Division v. Smith*, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), however, the Supreme Court held that neutral laws of general applicability do not run afoul of the Free Exercise Clause, even if these laws have the incidental effect of burdening a religious practice. *Id.* at 883, 110 S.Ct. 1595; see also *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531-32, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993).  In order to determine whether a law is neutral, as the Court used the term in *Smith,* we must examine the object of the law. A law is not neutral if "the object of the law is to infringe upon or restrict practices because of their religious motivation." *Lukumi,* 508 U.S. at 533, 113 S.Ct. 2217.  The related principle of "general applicability" forbids the government from "impos [ing] burdens only on conduct

motivated by religious belief" in a "selective manner." *Id.* at 543, 113 S.Ct. 2217; see also *id.* at 531, 113 S.Ct. 2217 ("Neutrality and general applicability are interrelated, and failure to satisfy one requirement is a likely indication that the other has not been satisfied.").

***St. Johns United Church of Christ*, 502 F.3d at 631**.

In 1993, Congress responded to the **Smith** decision by passing the **Religious Freedom Restoration Act** ("RFRA"), finding that the Supreme Court "virtually eliminated the requirement that the government justify burdens on religious exercise imposed by laws neutral toward religion." **42 USCS § 2000bb (1993)**. RFRA increases protection for religious exercise by providing, "Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person– (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." **42 USCS § 2000bb-1(b).** Because Daly, as a federal inmate, has filed his claim against federal actors, there is no question that RFRA applies.

The threshold issue for purposes of these motions for summary judgment is whether it constitutes a substantial burden on Daly's free exercise of religion for USP-Marion to restricts participation in its RDP, which provides Kosher meals to Jewish inmates, to only those Jewish inmates adhering to a strict Kosher diet. ***Crosley-El v. Berge*, 896 F. Supp. 885, 887 (E.D. Wis. 1995) ("the threshold inquiry under RFRA is whether the statute [or conduct] in question substantially burdens a person's religious practice." (Internal citations omitted))**. If this

question is answered in the negative, then Daly's partial motion for summary judgment must be denied, and Davis and Patterson's motion for summary judgment must be granted, unless it is shown that there is no rational basis for the RDP removal provision.

The Seventh Circuit has defined a substantial burden, under RFRA, as "one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs." ***Mack v. O'Leary*, 80 F.3d 1175, 1179 (7th Cir. 1996) (vacated on other grounds)**. Here, Daly has failed to demonstrate a substantial burden on his religious practice. The undisputed facts show that Daly was removed from the RDP on three occasions because he purchased or consumed non-Kosher foods (ice-cream, regular hot food, and nacho cheese tortilla chips) in violation of the RDP terms. In order to meet the substantial burden test, Daly must demonstrate that the strict Kosher diet requirements of the RDP for Jewish inmates forced him to "refrain from religiously motivated conduct" or compelled conduct that was contrary to his beliefs. ***Id.* at 1179**. Daly has not, however, produced any evidence showing that a central tenet of his Jewish faith is that he eat both Kosher and non-Kosher foods. In fact, Daly goes to great pains to demonstrate that his faith requires that he only eat Kosher foods (Doc. 17 at 5-9).

Daly has also failed to present any evidence that the strict Kosher diet of

the RDP compelled him to act contrary to his beliefs.  Daly argues that removing him from the RDP compelled him to violate his religious beliefs because he was forced to eat non-Kosher food.  Yet Daly's argument misses the mark.  The RDP provision requiring that Jewish enrollees in the RDP only eat Kosher foods was designed to actually compel inmates *not* to eat non-Kosher foods on pain of termination from the RDP.  Daly cannot rationally argue that he is compelled to violate his religious tenants and eat non-Kosher foods by a provision that required him not to eat non-Kosher foods.

The substantial burden test adopted by the court in **Mack** relied, in part, on **Brown-El v. Harris, 26 F.3d 68 (8th Cir. 1994)**, an Eighth Circuit decision holding that removal from an opt-in religious diet program for failure to adhere to the requirements of the program could not constitute a substantial burden.  The program in **Brown-El** allowed prisoners to observe the daylight fast of Ramadan and then receive meals after sundown – a departure from standard procedure.  The plaintiff in that case applied for and enrolled in the program, but was removed when he broke a fast in violation of the program terms.  The court held that the policy did not burden, compel, coerce, or restrict the religiously motivated practices of the plaintiff, but rather allowed full participation in the fast. **Id. at 70**.  "Having broken the fast, Brown-El simply placed himself outside the group of worshipers accommodated by the [prison] procedures." **Id.**

Daly's complaint regarding the RDP at USP-Marion is practically identical

to that of the plaintiff in **Brown-El** regarding the prison's program. In both cases, the prisoners enrolled in a special diet program that accommodated their respective religious needs: a Kosher diet and a daylight fast. Both programs have strict removal provisions that only take effect after the prisoner has acted in violation of the terms of the program. Thus, in operation, they are identical. Here, Daly argues that once removed from the RDP, he is compelled to eat non-Kosher foods, in clear contradiction of his beliefs. But just as in **Brown-El**, this "compulsion" only arose after Daly has chose to remove himself from the program by violating the program terms designed to accommodate their religious beliefs.

Because Daly has offered no evidence that he was forced, under the RDP, to either act in a manner contrary to his faith, or to refrain from religiously motivated conduct, he cannot prove that he has suffered a substantial burden. Moreover, there is no room to distinguish this case from the holding in **Brown-El**, upon which the Seventh Circuit based its definition of a substantial burden under RFRA in **Mack**, where it was held that removal from an opt-in religious diet program for failure to adhere to the requirements of the program could not constitute a substantial burden. The undisputed facts thus demonstrate that Daly has not suffered a substantial burden on the free exercise of his religion.

Without demonstrating a substantial burden to the practice of his religious beliefs, Daly may not proceed with his claim unless he can demonstrate that there was no rational basis for the RDP removal provision. Yet the undisputed facts demonstrate

that a rational basis does exists for the RDP removal provision.  Because Kosher meals cost substantially more than non-Kosher meals to provide, there is a rational basis for limiting participation only to those whom it would violate their religious beliefs to eat non-Kosher foods.  Since a rational basis exists for the RDP removal provision, Daly's claim fails as a matter of law.

## V.  <u>CONCLUSION</u>

Daly's temporary removal from the RDP does not impose a substantial burden on his right to freely exercise his religion and, therefore, it is not necessary for Davis and Patterson to demonstrate a compelling governmental interest justifying the removal provisions of the RDP or that the least restrictive means were employed to satisfy that compelling interest.

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment (Doc. 50) and **DENIES** Plaintiff's motion for partial summary judgment (Doc. 51).  The Court enters judgment in favor of Defendants Randy Davis and Patrick Patterson and against Plaintiff James Scott Daly.  The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

**DATED: March 27, 2008**

/s/        *David R Herndon*

**Chief Judge**
**United States District Court**